IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                     )<br>             PLAINTIFF,              )<br>                                     )<br>       v.                            )    CIVIL ACTION NO. 2:07CV429-wha<br>                                     )<br>ONE HUNDRED FIFTY THREE              )<br>THOUSAND TWO HUNDRED NINETY          )<br>($153,290) DOLLARS IN UNITED         )<br>STATES CURRENCY; and,                )<br>                                     )<br>THREE THOUSAND EIGHT HUNDRED          )<br>EIGHTY ($3,880)DOLLARS IN            )<br>UNITED STATES CURRENCY,              )<br>                                     )<br>             DEFENDANTS.             )| |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America (hereinafter, "United States"), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture in rem respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States the following property: One Hundred Fifty Three Thousand Two Hundred Ninety ($153,290) Dollars in United States currency and Three Thousand Eight Hundred Eighty ($3,880) Dollars in United States currency (hereinafter, "Defendant currency") which was seized on December 9, 2006, for violations of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

## JURISDICTION AND VENUE

2. The United States brings this action <u>in</u> <u>rem</u> in its own right to forfeit and condemn the Defendant property under 21 U.S.C. § 881. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355(a). This Court has in rem jurisdiction over this action under 28 U.S.C. § 1355(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and the property is located within the Middle District of Alabama.

## THE DEFENDANT IN REM

4. The Defendant consists of One Hundred Fifty Three Thousand Two Hundred Ninety ($153,290) Dollars in United States currency and Three Thousand Eight Hundred Eighty ($3,880) Dollars in United States currency (hereinafter, "Defendant currency") which was seized on December 9, 2006.

## FACTS

5. The facts and circumstances supporting the seizure of the Defendant currency are as follows:

   a) On December 9, 2006, an Alabama State Trooper made a traffic stop on a 2006 Jeep Commander in Montgomery County, Alabama. Rene Garnica (Garnica 1) was the driver of the vehicle. The passenger in the vehicle was his brother, Raul Garnica (Garnica 2).

b)   The brothers advised they were traveling from Atlanta, Georgia, but gave conflicting accounts of their travel plans and who they had visited in Atlanta, Georgia. Garnica 2 was visibly nervous and, based upon the vague and inconsistent answers he received, the Trooper requested consent to search the vehicle. Garnica 1 gave consent to search the vehicle.

c)   An empty food saver bag was found in the rear of the vehicle next to the luggage. The bag had been cut open and was lying in the cargo area. The $153,290 (Defendant currency) was found inside plastic bags in the rear wheel well of the vehicle. Officers seized $3,880 (Defendant currency) directly from Garnica 2.

d)   Garnica 1 denied any knowledge of the $153,290 and stated it must have been inside the vehicle at the time of rental. Garnica 2 denied any knowledge of the $153,290 found inside the vehicle and stated that the $3,880 located on his person was profit from his business in Houston, Texas. The business was identified as Three Amigos Furniture.

e)   The Defendant currency was seized and the men were transported to the Montgomery HIDTA Office for further questioning.

f)   A trained drug detection dog alerted upon the currency. An alert means that the dog has detected the exposure of the item involved to illegal drugs or materials used in illegal drug manufacture or preparation.

g) During their interviews, Garnica 1 and Garnica 2 stated they left Houston, Texas, on December 7, 2006 after renting the Jeep at the Thrifty Rental Car near the airport. They arrived late in Atlanta, Georgia, and checked into a Country Inn hotel. The brothers said they spent the day shopping in Atlanta and were returning to Houston when they were stopped on Interstate 85. Garnica 2 also stated that he and his brother met a friend named Ramon (last name unknown) in Atlanta.

h) The plastic bags that contained Defendant currency $153,290, two sheets of Country Inn stationary containing handwritten notes, and three cellular telephones were also seized from Garnica 1 and Garnica 2.

i) As a result of an immigration check, it was discovered that Rene and Raul Garnica had expired visas and were in the country illegally.

j) Rene and Raul Garnica have no legitimate source for the funds located during the search of the vehicle. The only reasonable source for the Defendant currency is drug sales.

k) On or about February 16, 2007, Rene Garnica filed a claim asserting ownership of the Defendant One Hundred Fifty Three Thousand Two Hundred Ninety ($153,290) Dollars in United States currency.

1) On or about February 16, 2007, Raul Garnica filed a claim asserting ownership of the Defendant Three Thousand Eight Hundred Eighty ($3,880) Dollars in United States currency.

## CLAIM FOR RELIEF

6. The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 51 above.

7. The Defendant currency constitutes monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of 21 U.S.C. §§ 801 et seq.

8. As a result of the foregoing, the Defendant currency is liable to condemnation and to forfeiture to the United States for its use in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States requests that the Court issue a Warrant for the arrest and seizure of the Defendant currency, pursuant to Supplemental Rule G(3)(b), which will executed upon the Defendant currency pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that the Defendant currency be forfeited and condemned to the United States; that the United States be awarded its costs and disbursements in this action and, for such other and further relief as this Court deems proper and just.

Respectfully submitted this the 15th day of May, 2007.

```
                         FOR THE UNITED STATES ATTORNEY
                              LEURA G. CANARY


                         _____
                         John T. Harmon [HAR108]
                         Assistant United States Attorney
```

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA        )

COUNTY OF MONTGOMERY    )

RECEIVED
2007 MAY 15  P 4:40

## VERIFICATION

I, Joe Herman, hereby verify and declare under penalty of perjury that I am an Alabama State Trooper Corporal assigned as an agent for the Alabama Bureau of Investigation's Narcotics Operations Service, and detailed to the High Intensity Drug Trafficking Area Task Force (HIDTA), which are both located in Montgomery, Alabama. I have read the Verified Complaint, know the contents thereof, and that the matters contained therein are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

The sources of my knowledge and information are the official files and records of the United States and information supplied to me by other law enforcement officers, as well as my investigation of this case and the investigation of this case by other law enforcement officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct this 15th day of May, 2007.

_____
JOE HERMAN-HIDTA Task Force Officer


Sworn to and subscribed before me this 15th day of May, 2007.

_____
Notary Public
Commission Expires: 9.23.09